966 F.2d 1446
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Milton D. SMITH, Defendant-Appellant.
 No. 91-5908.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 29, 1992
Decided: June 22, 1992
 
 Thomas P. Collins, Eck, Collins & Anderson, Richmond, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Stephen W. Miller, Assistant United States Attorney, William Clarke, Third Year Law Student, Richmond, Virginia, for Appellee.
 Before RUSSELL, WIDENER, and HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Milton D. Smith appeals the judgment of the district court entered after a bench trial at which he was found guilty of possessing in excess of five grams of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (1988). We affirm.
 
 
 2
 Counsel raises a single issue on appeal; he contends that the district court's finding of intent to distribute is not supported by sufficient evidence.
 
 
 3
 The facts of Smith's arrest and his possession of crack cocaine are not disputed. Smith was stopped by officers participating in a drug interdiction operation at the Richmond Greyhound bus station. Smith consented to a search of his person and his luggage. The search revealed a bag containing 12.79 grams of 92% pure cocaine base. Smith acknowledged that the crack was his and that he had purchased it in New York.
 
 
 4
 At trial Smith contended that the crack was for his own personal use. Smith's fiancee testified that Smith smoked crack "a lot." The Government countered with evidence that crack is normally distributed in doses of 1/10 of a gram and that a person ingesting a dose daily would be considered a "strong" user. Consequently, Smith was arrested with more than 120 days worth of crack in his possession. One of the officers testified that the amount of crack possessed by Smith was not consistent with personal use. There was additional testimony that such a large quantity of crack was expensive and that Smith had very little money.
 
 
 5
 In a challenge to a conviction based on sufficiency of the evidence "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). All reasonable inferences from the evidence must be viewed in the light most favorable to the government. United States v. Laughman, 618 F.2d 1067, 1076 (4th Cir.), cert. denied, 447 U.S. 925 (1980).
 
 
 6
 A conviction under § 841(a)(1) for possession with intent to distribute requires proof of specific intent to distribute. United States v. Fisher, 912 F.2d 728, 730 (4th Cir. 1990), cert. denied, 59 U.S.L.W. 3769 (U.S. 1991). Intent to distribute may be inferred from possession of a quantity of drugs greater than that needed for personal use. Id.; see United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992) (fact finder may infer intent to distribute from possession of "large quantity" of narcotics).
 
 
 7
 We recently held in Bell that possession of 13.55 grams of crack was sufficient to support a finding of intent to distribute. We believe that the same is true of the 12.79 grams at issue in the present case. This is confirmed by the testimony that the drugs possessed by Smith had a street value of approximately $1,300. Accordingly, we affirm the judgment of the district court.
 
 
 8
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED